IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

Case No. _____

JOHN ANTHONY CASTRO

Plaintiff,

v.

GLENN R. REISER and LOFARO & REISER, L.L.P,

Defendants.

*JURY TRIAL DEMANDED*

---

**VERIFIED ORIGINAL COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE AND BREACH OF CONTRACT FOR DAMAGES AND JURY DEMAND**

---

JOHN ANTHONY CASTRO
12 Park Place
Mansfield, TX 76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

i

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................. iii
I.   Parties, Jurisdiction, and Venue ............................................................................... 1
II.  Background and Factual Allegations ....................................................................... 2
III. Legal Background .................................................................................................... 5
IV.  Count I: Legal Malpractice ...................................................................................... 5
V.   Count II: Negligence ................................................................................................ 6
VI.  Count III: Breach of Contract .................................................................................. 7
VII. Request for Relief .................................................................................................... 8
VIII. Jury Demand ........................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

Cohen v. Horn, 2022 WL 1718051 (D.N.J. May 27, 2022), aff'd, 2022 WL 17546950 (3d Cir. 2022) .................................................................................................................... 3
Garcia v. Kozlov, Seaton, Romanini & Brooks, *P.C.*, 179 N.J. 343, 845 A.2d 602 (2004) ........... 3
Komorowski, et al. v. Castro, Case No.: 20-cv-10440 ................................................................... 2

**Statutes**

28 U.S.C. § 1332 ............................................................................................................................. 1
28 U.S.C. § 1391(a) ........................................................................................................................ 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

Case No. _____

| | |
|---|---|
| JOHN ANTHONY CASTRO, | ) |
| Plaintiff, | ) |
| v. | ) *JURY TRIAL DEMAND* |
| GLENN R. REISER and LOFARO & REISER, L.L.P, | ) |
| Defendants. | ) |

**VERIFIED ORIGINAL COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE AND BREACH OF CONTRACT FOR DAMAGES AND JURY DEMAND**

**COMES NOW** Plaintiff, John Anthony Castro, *Pro Se*, and hereby submits this Complaint against the Defendants Glenn R. Reiser and Lofaro & Reiser, L.L.P. (collectively "Defendants") for legal malpractice and negligence, and for their Complaint allege and state as follows:

**I.    PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times, Plaintiff, John Anthony Castro was a resident of Tarrant County, Texas and resided at 8 Park Place, Mansfield, Texas.

2. On information and belief, Defendant Glenn R. Risen is a resident and citizen of New Jersey and practices law with his firm Lofaro & Riser, L.L.P.

3. On information and belief, Defendant Carmine LoFaro is a resident and citizen of New Jersey and practices law with her firm Lofaro & Riser, L.L.P.

4. At all times relevant herein, Glenn R. Risen was licensed to engage in the practice of law in the state of New Jersey and was practicing law, bar number 021481990.

5. At all times relevant herein, Carmine LoFaro was licensed to engage in the practice of law

1

in the state of New Jersey and was practicing law.

6. Defendants Lofaro and Riser had a law office located at 20 Court Street, Ste 4, Hackensack, New Jersey 07601, and was named Lofaro & Riser, L.L.P., also a defendant herein.

7. This is a civil cause of action regarding legal malpractice and negligence, which occurred in the State of New Jersey.

8. This court has jurisdiction over the subject matter of this action pursuant to diversity jurisdiction of 28 U.S.C. § 1332. The amount in controversy is in excess of the minimum jurisdictional amount of this court, $1,229,290.80, exclusive of interest and costs.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the relevant events occurred in this District and performance was to have occurred in this District. The acts alleged below caused harm to Plaintiff and Defendants knew such harm was most likely to be suffered by Plaintiff in this forum.

## II.     BACKGROUND AND FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference each and every allegation set forth hereinabove and contained in all preceding paragraphs of this Complaint as though they are fully set forth herein and they are, each and every one, adopted by reference as though they were in fact fully set forth herein.

12. A lawsuit was filed on August 13, 2020, against Plaintiff, John Anthony Castro, captioned *Komorowski, et al. v. Castro,* Case No.3:20-cv-10440 (MAS)(DEA) in this District Court.

13. Defendants Lofaro and Reiser were licensed to engage in the practice of law in the State of New Jersey. Defendants' practiced law under the firm Lafaro & Riser, located at 20 Court Street, Ste 4, Hackensack, New Jersey 07601.

14. Plaintiff contacted and hired Defendants to defend them in a contract dispute case, captioned *Komorowski, et al. v. Castro,* Case No.:20-cv-10440 (MAS)(DEA), in this District

2

Court.

15. On or about September 8, 2020, John Anthony Castro and Glenn Reiser had a brief telephone conversation in which Castro explained to Reiser that Castro had no contacts with the state of New Jersey.  Furthermore, Castro explained that if the Plaintiff in the case, Thomas Komorowski, was arguing the contract was invalid, then the Northern District of Texas would be the appropriate venue since there would be no governing law provision giving New Jersey jurisdiction.

16. On that basis, Reiser sent Castro an engagement letter.  In that letter, based on a brief telephone call, Reiser indicated he would only move to dismiss for improper venue; completely ignoring lack of personal jurisdiction.

17. Castro called Reiser to inquire why the engagement letter so limited the scope of the motion to dismiss when he had not yet thoroughly investigated all of the facts, such as Castro being served in Texas, Castro having no minimum contacts with New Jersey, etc.

18. Reiser assured Castro that the engagement letter was just stating that grounds that he had already conclusively established based on the call and that he would "obviously" consider all grounds before filing the motion to dismiss.  In other words, Reiser was effectively saying he needed to digest all of the facts to come to a conclusion on minimum contacts and whether service of process was proper before definitively including that in the motion to dismiss.

19. This sounded logical.  On that basis, Castro signed the engagement letter.

20. Thereafter, Reiser and Castro had extensive discussions about his lack of contacts with New Jersey in order to incorporate that into the motion to dismiss.  In fact, prior to the filing of the motion to dismiss, Castro called Reiser and specifically asked if the lack of personal jurisdiction argument had been incorporated.  Reiser confirmed the argument regarding lack of personal jurisdiction was included.

21. In fact, the Declaration that Reiser had Castro assemble even stressed the fact that Castro did not have an office in New Jersey and never even traveled to New Jersey to meet with clients; further illustrating the extensive discussions Castro had with Reiser regarding lack of minimum contacts with New Jersey.

22. On or about July 14, 2021, Castro took over the case on a *pro se* basis.

23. On or about August 12, 2022, Castro learned that the Court had actually never considered lack of personal jurisdiction. On that basis, Castro moved the Court to reconsider the lack of personal jurisdiction. This was the moment Castro first learned of Reiser's failure to properly address personal jurisdiction.

24. Castro insisted in his motion for reconsideration that the Court find an implied challenge to personal jurisdiction. However, the Court concluded that because Reiser was a licensed attorney, his pleading would not be read liberally to include a de facto challenge to personal jurisdiction. Furthermore, by operation of Fed. R. Civ. P. 12(g)(2), the Court concluded that Castro was unable to file another motion to dismiss for lack of personal jurisdiction.

25. Personal jurisdiction is a basic entry-level concept in the study of law. No reasonably competent attorney would miss such obvious grounds for dismissal. In fact, Reiser's motion to dismiss for improper venue lays out facts that clearly support a claim for lack of personal jurisdiction. Even the Court noted in its denial of Castro's motion for reconsideration that he likely had grounds to hold Reiser accountable for malpractice.

26. Glenn Reiser demonstrated his utter incompetence, his threat to the public through ineffective counsel, and an extreme degree of carelessness that resulted in significant financial damage to Castro.

27. On March 13, 2023, Castro secured an Affidavit of Merit with regard to this legal malpractice claim, which is attached hereto.

## III.  LEGAL BACKGROUND

28. Legal Malpractice is type of tort of negligence, as such, a plaintiff must show the deviation of standard of care. *See Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C.*, 179 N.J. 343, 357, 845 A.2d 602, 611 (2004) (internal citations omitted).

29. The elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff. *Cohen v. Horn*, 2022 WL 1718051, at *4 (D.N.J. May 27, 2022), aff'd, 2022 WL 17546950 (3d Cir. 2022).

## IV.  COUNT I: LEGAL MALPRACTICE

30. Plaintiff incorporates by reference each and every allegation set forth hereinabove and contained in all preceding paragraphs of this Complaint as though they are fully set forth herein and they are, each and every one, adopted by reference as though they were in fact fully set forth herein.

31. Castro established that the parties entered into an attorney-client relationship when the parties executed an agreement on or about September 8, 2020, and that the Defendants owed a duty of care to Castro.

32. Defendants' had the duty to reasonably consult with their client regarding status, deadlines, options and circumstances involving Plaintiff's case. In this matter Defendants breached their duty and failed to file the proper pleading.

33. Defendant breached their duty by failing to argue that the Court lacked personal jurisdiction over Castro despite repeated discussions and assurances that the argument was included in the motion to dismiss.

34. A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client and Defendants failed to do so.

35. Because of Defendant's failure to move to dismiss for lack of personal jurisdiction, Castro incurred the following damages:

   a. $28,000 in attorney's fees for incompetence and ineffective service;

   b. $120,000 in a settlement to Komorowski since Castro was prevented from filing a motion to dismiss for lack of personal jurisdiction; Castro had to settle to mitigate his damages;

   c. $500,000 in emotional distress resulting in physical manifestations that must be awarded due to the egregious and extraordinary circumstances;

   d. $250,000 in loss of profits due to the time this case unnecessarily siphoned away from Castro's growing business ventures.

   e. $350,000 in punitive damages, or five times the amount of compensatory damages awarded, whichever is greater. Please note that only for purpose of providing a definitive damages amount, the $350,000 is used, but this should not be interpreted as a waiver to the 5 times compensatory damages option.

36. If the Defendants would have exercised proper care and skill in this matter, Plaintiff would not have incurred damages and losses of $1,229,290.80.

37. Defendants' failure to comport with legal ethical standard as established by the New Jersey Supreme Court was the direct and proximate cause of Plaintiff's damages and loss of 1,229,290.80.

## V.    COUNT II: NEGLIGENCE

38. Plaintiff incorporates by reference each and every allegation set forth hereinabove and contained in all preceding paragraphs of this Complaint as though they are fully set forth herein and they are, each and every one, adopted by reference as though they were in fact fully set forth herein.

6

39. Defendants failed to adequately file a Motion to Dismiss for Lack of Personal Jurisdiction in the cause captioned Komorowski, et al. v. Castro, Case No.:20-cv-10440 (MAS)(DEA).

40. Defendants had the duty to diligently and promptly represent Plaintiff's interest. In this matter, Defendants breached their duty and failed to file documents necessary in the civil action.

41. Defendants had the duty to reasonably consult with Plaintiff "the client" about the means by which the client's objectives are to be accomplished.

42. If the Defendants would have exercised proper care and skill in this matter, Plaintiff would not have incurred damages and losses of $1,229,290.80.

43. Defendants' failure to comport with legal ethical standard as established by the New Jersey Supreme Court was the direct and proximate cause of Plaintiff's damages and loss of 1,229,290.80.

## VI.   COUNT III: BREACH OF CONTRACT

44. Plaintiff incorporates by reference each and every allegation set forth hereinabove and contained in all preceding paragraphs of this Complaint as though they are fully set forth herein and they are, each and every one, adopted by reference as though they were in fact fully set forth herein.

45. Plaintiffs retained and employed Defendants to represent them in defending a claim of breach of contract with the understanding that a Motion to Dismiss for Lack of Personal Jurisdiction would be filed on Plaintiffs behalf. At the time, Defendants accepted the employment and agreed to perform the services for Plaintiffs'.

46. Defendant never filed the Motion to Dismiss for Lack of Personal Jurisdiction.

47. Defendants failed to exercise reasonable care and skill in undertaking to perform

7

the legal services Plaintiffs had paid and contracted Defendants to perform in their representation of the Plaintiffs' interests.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for all its damages and relief, as follows:

48. Damages in the amount of $1,248,000.

49. Any other remedy to which Plaintiff may be entitled.

## VIII. JURY DEMAND

The Plaintiff hereby demand trial by jury on all issues so triable in this lawsuit.

Dated:  April 12, 2023

JOHN ANTHONY CASTRO,
12 Park Place
Mansfield, TX 76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

## Affidavit of Merit

Tiffany Michelle Hunt, Esq., LL.M., being of sound mind and body and being duly sworn to oath, says:

1. I make this Affidavit of Merit pursuant to N.J.S.A. § 2A:53A-27.

2. I have been a licensed attorney with the Florida State Bar for since 2017 and licensed with the Texas State Bar since 2021.

3. I have particular expertise in the general area involved in the action because my practice area focuses on civil litigation predominantly in federal court.

4. I reviewed all pleadings in the *Komorowski v. Castro* case, a communication with the Defendant-attorney and a representative of John Anthony Castro in which the representative made it clear that Castro has no contact with the state of New Jersey.

5. Defendant-attorney filed a motion to dismiss stating that no valid contract exists in the parties to the *Komorowski v. Castro* case. The motion to dismiss further highlights John Anthony Castro's lack of connection to state of New Jersey. It was apparent from the facts of the case that John Anthony Castro had no substantial contacts with the state of New Jersey, and there was no basis for the Court to assert personal jurisdiction.

6. Fed. R. Civ. P. 12(g) makes it clear that the failure to assert an argument for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(1) serves as waiver of such argument.

7. It is my professional opinion that a reasonable probability exists that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards.

8. Defendant-attorney did not meet the minimum standard of competence in representing John Anthony Castro when he failed to move for lack of personal jurisdiction.

9. I have no financial interest in the outcome of the case under review.

March 13, 2023                                   *Tiffany Hunt*
Date                                             Signature

State of Texas County of Tarrant. This instrument was acknowledged before me on

March 13, 2023 by Celeste Aguirre.
(Date)            (Name)

CELESTE AGUIRRE
Notary Public, State of Texas
Comm. Expires 03-19-2024
Notary ID 132411184

(Personalized Seal)                              Notary Public's Signature



September 8, 2020

**ATTORNEY-CLIENT FEE AGREEMENT**

<u>VIA EMAIL</u>
John A. Castro, J.D., LLM
8 Park Place
Mansfield, Texas 76063-5306

Castro & Co., LLC
1701 Pennsylvania Ave., Suite 200
Washington, D.C. 20006
Attn:  John A. Castro, Managing Member

  **Re:**  **Thomas Komorowski / Kristine Komorowski vs. Castro & Co., LLC / John Castro**
      **Case No.: 20-cv-10440-MAS-DEA**

Dear John:

  It is my understanding that you and your company wish to engage my law firm to defend the above-captioned federal court matter filed in the District of New Jersey.  After speaking with you earlier today, we agreed that we would prepare and file a motion to dismiss the case based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  If the motion is unsuccessful, we will continue to defend the case on the merits.

  Attorneys admitted to practice in the bar of the State of New Jersey are required to provide new clients with a written fee agreement. This letter is intended for that purpose, and shall confirm your decision to retain the law firm of LoFaro & Reiser, LLP ("L&R") to act as your counsel.

  This is an hourly fee agreement.  The rate that will be charged by L&R is $600/hr.  All time is billed in minimal increments of 1/10th of an hour.  This includes emails and telephone calls.  An initial retainer of $7,500 is due upon execution of this agreement and will be applied toward future billing at the $600/hr rate.  If the initial retainer is fully utilized L&R will invoice you for any additional fees.

  In addition to legal fees you will be required to reimburse L&R for out-of-pocket costs that L&R incurs in representing you in this matter, such as court filing fees, overnight courier service, photocopying, postage, process server fees, travel-related expenses, court reporter fees, and messenger service if necessary. L&R will itemize all costs in its invoices to you.

      L&R will issue monthly bills when practical and depending upon the level of activity in your file. Otherwise, L&R may issue bills periodically.  All invoices are due within 15 days of receipt, and can be paid either by check, credit card, or wire transfer.

      You understand that this agreement does not cover the scope of either defending or prosecuting any appeals; such appellate services will be provided only if a separate written letter of engagement is signed by you and L&R.

      If the terms of this agreement are acceptable, please sign in the space below.  We look forward to assisting you.

                                          Very truly yours,

                                          *Glenn R. Reiser*

                                          Glenn R. Reiser

Agreed and Accepted:

CASTRO & CO., LLC

By:_____
    John Castro, Managing Member

JOHN CASTRO, Individually

By: _____
    John Castro