**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY- TRENTON VICINAGE**

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>Plaintiff,<br><br>-vs-<br><br>GLENN R. REISER, ESQ. and LOFARO & REISER, L.L.P.<br><br>Defendants. | Civil Action No. 3:23-cv-02120 |

_____

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

_____

**John Anthony Castro,** *Pro Se*
J.Castro@CastroandCo.com
12 Park Place
Mansfield, Texas 76063
Tel: (202) 594-4344

i

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

A.   PLAINTIFF'S ALLEGATIONS .................................................................................... 1

**LEGAL ARGUMENT**..................................................................................................................... 4

A.   PLAINTIFF PROVIDED A SUFFICIENT FACTUAL BASIS FOR EACH ALLEGATION AGAINST DEFENDANT AND THEREBY ESTABLISHED THE PLAUSIBILITY OF HIS RIGHT TO RELIEF ................................................................................................................... 4

B.   PLAINTIFF IS A PRO SE LITIGANT.................................................................................. 5

C.   PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT I: LEGAL MALPRACTICE ....................................................................................................................... 5

D.   PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT II: NEGLIGENCE ............ 6

E.   PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT III: BREACH OF CONTRACT .................................................................................................................................. 7

**CONCLUSION** ................................................................................................................................ 7

# **TABLE OF AUTHORITIES**

*Cases*
*Ashcroft v. Iqbal*,
U.S. 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) .................................................................. 4
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................................... 4
*Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410, 1420 (3d Cir. 1997) .............................................................................................. 5
*Komorowski, et al. v. Castro* ......................................................................................................... 1
*Phillips v. County of Allegheny*,
515 F.3d 224, 231 (3d Cir. 2008) .................................................................................................. 4
*Pinker v. Roche Holding Ltd.*,
292 F.3d 361, 374 n.7 (3d Cir. 2002) ............................................................................................ 4
*Scheuer v. Rhodes*,
416 U.S. 232, 236 (1974) .............................................................................................................. 5

**Rules**
Fed. R. Civ. P. 11(b)(2) ................................................................................................................. 7
Fed. R. Civ. P. 11(c)(3) ................................................................................................................. 7
Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1,4,5,7
Fed. R. Civ. P. 12(g)(2) ................................................................................................................. 3
Fed. R. Civ. P. 8(d)(2) ................................................................................................................... 6
Fed. R. Civ. P. 8(d)(3) ................................................................................................................... 6

**PRELIMINARY STATEMENT**

Plaintiff John A. Castro ("Castro") submits this Reply Brief in support of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6).

This matter arises out of Defendant's negligence of Legal Malpractice. John Anthony is a resident of Texas and the managing partner of Castro & Co. LLC, a Wyoming company that maintains its principal place of business in Texas.

Plaintiff's Complaints sets forth a meticulously detailed factual basis for Plaintiff's claims.

### A.  PLAINTIFF'S ALLEGATIONS

A lawsuit was filed on August 13, 2020, against Plaintiff, John Anthony Castro, captioned *Komorowski, et al. v. Castro,* Case No.3:20-cv-10440 (MAS)(DEA) in this District Court.

Defendants Lofaro and Reiser were licensed to engage in the practice of law in the State of New Jersey. Defendants' practiced law under the firm Lafaro & Riser, located at 20 Court Street, Ste 4, Hackensack, New Jersey 07601.

Plaintiff contacted and hired Defendants to defend them in a contract dispute case, captioned *Komorowski, et al. v. Castro,* Case No.:20-cv-10440 (MAS)(DEA), in this District Court.

On or about September 8, 2020, John Anthony Castro and Glenn Reiser had a brief telephone conversation in which Castro explained to Reiser that Castro had no contacts with the state of New Jersey.  Furthermore, Castro explained that if the Plaintiff in the case, Thomas Komorowski, was arguing the contract was invalid, then the Northern District of Texas would be the appropriate venue since there would be no governing law provision giving New Jersey jurisdiction.

On that basis, Reiser sent Castro an engagement letter.  In that letter, based on a brief

1

telephone call, Reiser indicated he would only move to dismiss for improper venue; completely ignoring lack of personal jurisdiction.

Castro called Reiser to inquire why the engagement letter so limited the scope of the motion to dismiss when he had not yet thoroughly investigated all of the facts, such as Castro being served in Texas, Castro having no minimum contacts with New Jersey, etc.

Reiser assured Castro that the engagement letter was just stating that grounds that he had already conclusively established based on the call and that he would "obviously" consider all grounds before filing the motion to dismiss. In other words, Reiser was effectively saying he needed to digest all of the facts to come to a conclusion on minimum contacts and whether service of process was proper before definitively including that in the motion to dismiss.

This sounded logical. On that basis, Castro signed the engagement letter.

Thereafter, Reiser and Castro had extensive discussions about his lack of contacts with New Jersey in order to incorporate that into the motion to dismiss. In fact, prior to the filing of the motion to dismiss, Castro called Reiser and specifically asked if the lack of personal jurisdiction argument had been incorporated. Reiser confirmed the argument regarding lack of personal jurisdiction was included.

In fact, the Declaration that Reiser had Castro assemble even stressed the fact that Castro did not have an office in New Jersey and never even traveled to New Jersey to meet with clients; further illustrating the extensive discussions Castro had with Reiser regarding lack of minimum contacts with New Jersey.

On or about July 14, 2021, Castro took over the case on a *pro se* basis.

On or about August 12, 2022, Castro learned that the Court had actually never considered lack of personal jurisdiction. On that basis, Castro moved the Court to reconsider the lack of personal jurisdiction. This was the moment Castro first learned of Reiser's failure to properly

2

address personal jurisdiction.

Castro insisted in his motion for reconsideration that the Court find an implied challenge to personal jurisdiction. However, the Court concluded that because Reiser was a licensed attorney, his pleading would not be read liberally to include a de facto challenge to personal jurisdiction. Furthermore, by operation of Fed. R. Civ. P. 12(g)(2), the Court concluded that Castro was unable to file another motion to dismiss for lack of personal jurisdiction.

Castro insisted in his motion for reconsideration that the Court find an implied challenge to personal jurisdiction. However, the Court concluded that because Reiser was a licensed attorney, his pleading would not be read liberally to include a de facto challenge to personal jurisdiction. Furthermore, by operation of Fed. R. Civ. P. 12(g)(2), the Court concluded that Castro was unable to file another motion to dismiss for lack of personal jurisdiction.

Personal jurisdiction is a basic entry-level concept in the study of law. No reasonably competent attorney would miss such obvious grounds for dismissal. In fact, Reiser's motion to dismiss for improper venue lays out facts that clearly support a claim for lack of personal jurisdiction. Even the Court noted in its denial of Castro's motion for reconsideration that he likely had grounds to hold Reiser accountable for malpractice.

Glenn Reiser demonstrated his utter incompetence, his threat to the public through ineffective counsel, and an extreme degree of carelessness that resulted in significant financial damage to Castro.

As demonstrated below, Plaintiff's Complaint contains more than enough facts to support Plaintiff's claims. Plaintiff's Complaint meets the applicable standard and establishes the plausibility that Defendant was negligent to the extent of Legal Malpractice. Also, Plaintiff fully anticipates that further supporting documentation and proof will be uncovered during the discovery process.

Accordingly, Plaintiff respectfully submits that Defendant's motion to dismiss should be denied.

# LEGAL ARGUMENT

In his Complaint, Plaintiff meticulously provides factual basis to establish that he has plausible claims against Defendant.

### A. PLAINTIFF PROVIDED A SUFFICIENT FACTUAL BASIS FOR EACH ALLEGATION AGAINST DEFENDANT AND THEREBY ESTABLISHED THE PLAUSIBILITY OF HIS RIGHT TO RELIEF

A Fed. R. Civ. P. 12(b)(6) motion to dismiss must be denied if the complaint, on its face, contains sufficient factual matter to show that a claim to relief is "plausible." *Ashcroft v. Iqbal*, U.S. 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The "plausibility standard" does not require the Plaintiff to establish a probability of liability, only more than a mere possibility. Id. (citing *Twombly*, 550 U.S. at 556-57, 570).

Additionally, the analysis calls upon the reviewing court to "draw upon its judicial experience and common sense" in making this determination, and to consider the complaint as a whole and in context. *Id*. at 1950. The Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the Plaintiff, and determine whether, under any reasonable reading of the complaint, the Plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002))

Therefore, the Court determines whether the plaintiff is entitled to offer evidence in support of the allegations, and not whether the plaintiff will ultimately prevail. *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  PLAINTIFF IS A PRO SE LITIGANT

Defendant states that Plaintiff's substantial legal training and professional experience should not cause the Court to afford Plaintiff considerable leeway as a *pro se* in consideration of the verified complaint filed when considering Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

The *Kenny* case involved a state-licensed attorney from New Jersey named Robert Kenny.[1] The *Haines* case involved a supervised student-attorney representing a client pursuant to the Court's local rules.  The *Allen* case also involved a student-attorney named Bruce C. Lee representing a client pursuant to the Court's local rules that permits student-attorneys that are supervised by a licensed attorney.  The *Morisseau* case involved an attorney who was previously licensed but temporarily disbarred.

Plaintiff is not and has never been licensed to practice law in any state.  Therefore, Plaintiff is not a lawyer.  No state or federal court in the United States has ever held a non-lawyer *pro se* litigant to the same standard as licensed lawyers.  If this Court were to hold otherwise, it would be unprecedented.  At this point, Defendant is either intentionally attempting to deceive this Court or grossly incapable of properly reading court cases.  Either way, such a patently baseless argument borders on frivolity subject to sanctions.

### C. PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT I: LEGAL MALPRACTICE

Defendant's reliance on the engagement letter is misplaced.  The fact that Defendant would admit to concluding upfront the scope of the motion to dismiss based on a 5-minute phone discussion actually amplifies the malpractice.  Defendant erroneously believes that because the engagement letter recklessly limited the scope of the basis for the dismissal, he is somehow

---

[1] "Plaintiff is an attorney who represents taxpayers before the Internal Revenue Service." *Kenny v. United States*, No. CIV.A. 08-3921 (GEB), 2009 WL 276511, at *1 (D.N.J. Feb. 5, 2009).

immune from malpractice. If this were the case, every attorney would add contractual provisions limiting their service and expressly stating they're not required to consider other defenses or claims than that stated in the engagement letter effecting contractually protecting their incompetence. Put plainly, malpractice cannot be contractually consented to, such a legal argument comes dangerously close to being frivolous and sanctionable *sua sponte* by this Court, and any such ruling would be swiftly reversed on appeal as it would represent a risk to the public.

Defendant effectively argues that Plaintiff contractually consented to the malpractice by signing a limited engagement letter that incorporated the malpractice by contractually turning a blind eye to other defenses and claims. Such a legal argument is ludicrous and borderline frivolous.

Plaintiff provides sufficient factual bases establishing the plausibility of Defendant's legal malpractice. Plaintiff therefore requests that Defendant's motion to dismiss this claim be denied.

### D. PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT II: NEGLIGENCE

Fed. R. Civ. P. 8(d)(2) allows for alternative overlapping claims. Fed. R. Civ. P. 8(d)(3) even allows for inconsistent claims: "A party may state as many separate claims or defenses as it has, regardless of consistency." If counsel for Defendant spent as much time reading the Federal Rules of Civil Procedure as it did needlessly attaching court cases as exhibits and submitting its brief like a science research paper to give the illusion of a substantive response, the Court would not have to waste its time reading this frivolous defense.

Because this is now the third frivolous argument that counsel for Defendant makes, Plaintiff reminds Defendant that, pursuant to Fed. R. Civ. P. 11(b)(2), "defenses… [must be] warranted by existing law or by a nonfrivolous argument" to change current law. Sanctions need not be made by Plaintiff. This Court may impose sanctions *sua sponte* for such frivolous defenses pursuant to Fed. R. Civ. P. 11(c)(3).

Plaintiff provides sufficient factual bases establishing the plausibility of Defendant's negligence. Plaintiff therefore requests that Defendant's motion to dismiss Plaintiff's claims be denied.

### E. PLAINTIFF ESTABLISHES A VALID CLAIM FOR COUNT III: BREACH OF CONTRACT

Same as above. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss his claims for breach of contract.

## CONCLUSION

As set forth above, it is clear that Defendant's arguments not only lack merit but border on frivolity subject to sanctions *sua sponte* by this Court. Plaintiff, therefore, respectfully requests that Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) be denied in full.

Dated: May 23, 2023

_____
JOHN ANTHONY CASTRO
12 Park Place
Mansfield, TX 76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com