# U.S. DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>                   Plaintiff,<br><br>-vs-<br><br>GLENN R. REISER, ESQ. and LOFARO & REISER, L.L.P.<br><br>                   Defendants. | Civil Action No. 3:23-cv-02120-MAS-DEA<br><br>**JOINT DISCOVERY PLAN** |

## PROPOSED JOINT DISCOVERY PLAN

1.     Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Plaintiff**

John Anthony Castro, Pro Se
12 Park Place
Mansfield, TX 76063
(202) 594-4344
j.castro@castroandco.com

**Defendant**

Jeffrey S. Leonard, Esq.
Lewis Brisbois Bisgaard & Smith LLP
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 792-8740
jeffrey.leonard@lewisbrisbois.com

2.     Set forth a brief description of the case, including the causes of action and defenses asserted:

> This matter is a legal malpractice action stemming from Defendants representation of Plaintiff and his company Castro & Co., LLC in a lawsuit captioned <u>Thomas Komorowski, M.D. and Kristine Komorowski v. Castro & Co. LLC and John Anthony Castro</u>, which was filed in the United States District Court, District of New Jersey under Case No. 20-cv-10440 (MAS)(DEA). Plaintiff claims that Defendant committed legal malpractice by not filing a motion seeking to dismiss the claims against him based upon a lack of personal jurisdiction. Defendants position is that they were retained only to move to dismiss the Complaint based upon improper venue.

137141518.1

3. Have settlement discussions taken place?  **Yes**_____ **No** __X__

    (a) What was plaintiff's last demand?

        (1) Monetary demand: _____

        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer: ___

        (2) Non-monetary offer: _____

4. The parties **[have ___X___ have not_____]** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **[have ____ have not ___X___]** exchanged the information required by Fed. R. Civ. P. 26(a)(1).

   **The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by March 15, 2024.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

   **None.**

7. The parties **[have _____ have not ___X___]** conducted discovery other than the above disclosures. If so, describe.

8. The Parties jointly propose to the Court the following Discovery Plan:

    (a) Discovery is needed on the following subjects:

        **(1) Plaintiff's claims against Defendants;**

        **(2) Plaintiff's claims for damages and other relief; and**

        **(3) Defendants' defenses to Plaintiff's claims.**

    (b) Discovery **[should _____ should not __X___]** be conducted in phases or be limited to particular issues. Explain.

     (c)     Proposed schedule:

          (1)     Fed. R. Civ. P. 26 Disclosures on or before **March 15, 2024**.

          (2)     E-Discovery conference pursuant to L. Civ. R. 26.1(d): The parties shall meet and confer regarding the production of electronic discovery **as necessary throughout litigation.**

          (3)     Service of requests for admission by **March 22, 2024** with responses due by **April 21, 2024.**

          (4)     Service of initial written discovery requests (interrogatories and requests for production of documents) shall be completed by **April 29, 2024** with responses due by **May 29, 2024.**

          (5)     There shall be a maximum of **25** Interrogatories and **20** Requests for Production of Documents by each party to each other party.

          (6)     There shall be a maximum of **5** depositions by each party.

          (7)     Motions to amend or to add parties shall be filed by **June 5, 2024**.

          (8)     Factual discovery shall be completed by **July 26, 2024**.

          (9)     Plaintiff's expert report shall be due no later than **August 26, 2024**.

          (10)    Defendant's expert report shall be due no later than **September 23, 2024**.

          (11)    Expert depositions shall be completed by **October 11, 2024**.

          (12)    Dispositive motions shall be served **no later than November 11, 2024.**

     (d)     Set forth any special discovery mechanism or procedure requested.

          **None.**

     (e)     A pretrial conference may take place on: **To be determined by the Court.**

     (f)     Trial date: __**To be determined by the Court**__ (__X__ Jury Trial; _____ Non-Jury Trial).

9.     Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?
Yes__X No__. If so, please explain.

137141518.1

-3-

**Plaintiff is a resident of Texas. It is anticipated that depositions will be taken in the state where witnesses or parties are located and/or via Zoom upon the agreement of the parties.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes_____ No__X__.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.

    Yes_____ No__X__.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes_____ No__X__.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    **The parties believe that this case is may be appropriate for mediation after fact discovery is complete and shall advise the court if mediation is appropriate.**

14. Is this case appropriate for bifurcation? Yes_____ No__X__

15. An interim status/settlement conference (with clients in attendance), should be held in: **To be determined by the Court.**

16. We [do_____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **None.**

_____        _____
John Anthony Castro, Pro Se              Jeffrey S. Leonard, Esq.

Dated: 3/6/24