**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY- TRENTON VICINAGE**

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>　　　　　　　Plaintiff,<br><br>-vs-<br><br>GLENN R. REISER, ESQ. and LOFARO & REISER, L.L.P.<br><br>　　　　　　　Defendants. | Civil Action No. 3:23-cv-02120-MAS-DEA<br><br>**DEFENDANTS GLENN R. REISER, ESQ. AND LOFARO & REISER, L.L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT; AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendants, Glenn R. Reiser, Esq. and LoFaro & Reiser, L.L.P. (hereinafter the "answering Defendants") by way of Answer to Plaintiff's Complaint, say:

### I.　　PARTIES, JURISDICTION AND VENUE

1.　　The answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and leave the Plaintiff to his proofs.

2.　　The answering Defendants admit that Glenn R. Reiser, Esq., is a resident and citizen of New Jersey. The answering Defendants deny that Mr. Reiser practices law with Lofaro & Riser, L.L.P.

3.　　The answering Defendants admit that Carmine LoFaro, Esq. is a resident and citizen of New Jersey. The answering Defendants deny that Mr. LoFaro practices law with Lofaro & Riser, L.L.P.

4.　　The answering Defendants admit the allegations contained in paragraph 4 of the Complaint, except that the Complaint misspells the Defendant Reiser as Risen.

5. The answering Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The answering Defendants admit the allegations contained in paragraph 6 of the Complaint, except that the Complaint misspells the firm's name as Lofaro & Risen, L.L.P..

7. The answering Defendants make no response to the allegations contained in paragraph 7 of the Complaint, except to state that the Complaint speaks for itself and that the negligence claim was dismissed by the Court.

8. The answering Defendants make no response to the allegations contained in paragraph 8, as they call for a legal conclusion.

9. The answering Defendants make no response to the allegations contained in paragraph 9, as they call for a legal conclusion.

10. [Paragraph 10 is omitted from the Complaint].

## II.  BACKGROUND AND FACTUAL ALLEGATIONS

11. The answering Defendants repeat and reiterate their prior answers as if set forth at length herein.

12. The answering Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. The answering Defendants admit the allegations contained in paragraph 13 of the Complaint, except that the Complain misspells the firm's name as Lofaro & Risen, L.L.P.

14. The answering Defendants admit that Plaintiff and his company, Castro & Co., LLC retained them represent them in the lawsuit referenced in paragraph 14 of the

Complaint. The Answering Defendants deny that the lawsuit was a contract dispute case as the plaintiff in that lawsuit (Komorowski) also asserted claims for conversion and consumer fraud.

15. The answering Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The answering Defendants make no response to the allegations contained in paragraph 16 except to state that the language of the Retainer Agreement speaks for itself.

17. The answering Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The answering Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The answering Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff thinks "sounded logical", and leave the Plaintiff to his proofs. The answering Defendants admit that Plaintiff signed the Retainer Agreement, which speaks for itself.

20. The answering Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The answering Defendants make no response to the allegations contained in paragraph 21 of the Complaint, except to state that the Declaration signed by Plaintiff speaks for itself.

22. Except to admit that Castro eventually represented himself on a pro se basis, the answering Defendants deny the balance of the allegations contained in

paragraph 22 of the Complaint.

23. The answering Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The answering Defendants make no response to the allegations contained in paragraph 24, except to state that the Plaintiff's Motion for Reconsideration and the Court Order speak for themselves.

25. The answering Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The answering Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The answering Defendants make no response to the allegations contained in paragraph 27, except to state that Plaintiff attached to the Complaint a document he calls an Affidavit of Merit.

### III.   LEGAL BACKGROUND

28. The answering Defendants make no response to the allegations contained in paragraph 28 as they call for a legal conclusion.

29. The answering Defendants make no response to the allegations contained in paragraph 29 as they call for a legal conclusion.

### IV.   COUNT I: LEGAL MALPRACTICE

30. The answering Defendants repeat and reiterate their prior answers as if set forth at length herein.

31. The answering Defendants make no response to the allegations contained in paragraph 31 as they call for a legal conclusion.

32. The answering Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The answering Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The answering Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The answering Defendant deny the allegations contained in paragraph 35(a) – (e) of the Complaint.

36. The answering Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The answering Defendants deny the allegations contained in paragraph 37 of the Complaint.

## V.    COUNT II:  NEGLIGENCE

38. The answering Defendants make no response to the allegations contained in paragraph 38 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

39. The answering Defendants make no response to the allegations contained in paragraph 39 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

40. The answering Defendants make no response to the allegations contained in paragraph 40 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

41. The answering Defendants make no response to the allegations contained

in paragraph 41 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

42. The answering Defendants make no response to the allegations contained in paragraph 42 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

43. The answering Defendants make no response to the allegations contained in paragraph 43 as Count II of the Complaint was dismissed by the Court Order dated February 29, 2024.

## VI. COUNT III: BREACH OF CONTRACT

44. The answering Defendants make no response to the allegations contained in paragraph 44 as Count III of the Complaint was dismissed by the Court Order dated February 29, 2024.

45. The answering Defendants make no response to the allegations contained in paragraph 45 as Count III of the Complaint was dismissed by the Court Order dated February 29, 2024.

46. The answering Defendants make no response to the allegations contained in paragraph 46 as Count III of the Complaint was dismissed by the Court Order dated February 29, 2024.

47. The answering Defendants make no response to the allegations contained in paragraph 47 as Count III of the Complaint was dismissed by the Court Order dated February 29, 2024.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief can be granted and these parties reserve the right to move at or before the time of trial to dismiss same.

### SECOND AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the Plaintiff's claims are barred as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

The damages of the Plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

These parties admit that a certain agreement was made and this party refers to the entire agreement for the contract between the parties and relies upon its provisions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a necessary or indispensable party without whom this action cannot proceed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants did not breach a duty to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has not suffered any damages causally related to Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages are fully or partially reduced by his failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

The Complaint constitutes a frivolous pleading in violation of Fed. R. Civ. P. 11.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

The scope of the attorney-client relationship between Plaintiff and the Defendants is limited by the terms of the contract between them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants performed the services set forth in the contract between the parties.

### FOURTEENTHTH AFFIRMATIVE DEFENSE

There is no proximate causation between the damages alleged by Plaintiff and the alleged malpractice by Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

No claim of legal malpractice arises against Defendants based on Plaintiff's decision to settle the underlying claim in lieu of defending the claims on their merits.

### RULE 11.2 CERTIFICATION

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action or proceeding pending in any court or in any pending arbitration or administrative proceeding.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Attorneys for Defendants, Glenn R. Reiser, Esq.
and LoFaro & Reiser, L.L.P.


/s/ *Jeffrey S. Leonard*
JEFFREY S. LEONARD, ESQ. (038851993)
One Riverfront Plaza
Suite 800
Newark, N.J. 07102
Tel:  (973) 577-6260
Jeffrey.Leonard@lewisbrisbois.com

Dated:  March 12, 2024